IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT L. SMITH                                                                 PLAINTIFF

V.                                                                    NO. 4:11CV018-P-D

VICKIE T. CAWTHON                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. In his pleadings, the Plaintiff states that the Defendant, a court reporter, stated on the record that she recorded his preliminary hearing. The Plaintiff, however, claims he never had a preliminary hearing. Indeed, documents submitted with his complaint show that the Plaintiff waived his right to a preliminary hearing for state criminal charges. For relief for the this perceived constitutional violation, the Plaintiff is seeking monetary damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. Rather, the Plaintiff's claim for damages against a court reporter is not founded in any

constitutional right. The court cannot fathom what claim, if any, the Plaintiff may have for what is clearly a mistake without any constitutional validity.

If Plaintiff has stated any claim at all, they would be purely based on state tort law. Consequently, the Plaintiff's complaint will be dismissed for failing to state a claim upon which relief may be granted. *Johnson v. Housing Auth. of Jefferson Parish*, 442 F.3d 356, 359 (5th Cir. 2006) (42 U.S.C. 1983 claims are actionable only against "state actors"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (private attorneys, even when appointed by the court, are not state actors).

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Smith is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 25th day of March, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE